UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALFREDOS KAULAVICIUS,<br><br>    Plaintiff,<br><br>    v.<br><br>CARRASCO CELERINO, *et al.*,<br><br>    Defendants. | Case No. C05-5544RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 28, 2005 |

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court because mail sent to plaintiff by the court clerk has been returned and it appears plaintiff may have been deported. After reviewing the record, it is recommended that the Court dismiss plaintiff's causes of action.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2005, the Court Clerk received plaintiff's proposed civil rights complaint. Due to certain deficiencies in his pleadings, the Court Clerk wrote to plaintiff explaining these deficiencies and advising plaintiff that he had until September 19, 2005 to correct his mistakes. The letter was returned to the Clerk's office as undeliverable.

A review of the record shows that plaintiff was in the custody of Immigration and Customs Enforcement agency awaiting deportation. The Federal Public Defender represented plaintiff in a related

REPORT AND RECOMMENDATION
Page - 1

matter (C05-883MJP) and wrote plaintiff a letter explaining their limited representation. It appears plaintiff has been deported, as he was removed from the immigration detention center on August 22, 2005. Plaintiff has not contacted the court or clerk's office since the initial filing on August 9, 2005.

## DISCUSSION

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, by the time this recommendation is considered by the Court, more than 60 days since plaintiff's last correspondence was received by the Court Clerk notifying him that plaintiff's address was invalid. In conjunction with proceedings and pleadings in C05-883MJP, the court should find that plaintiff may have been deported and is no longer pursuing this matter. The court is unaware of plaintiff's current place of residence.

## CONCLUSION

Based on the foregoing discussion, the Court should dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 28, 2005**, as noted in the caption.

DATED this 29th day of September, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge